**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

QUANG HONG NGUYEN,
Petitioner,

v.

No. 99-1297

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A25-065-356)

Submitted: June 17, 1999

Decided: June 29, 1999

Before MURNAGHAN and TRAXLER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Quang Hong Nguyen, Petitioner Pro Se. David Michael McConnell,
James Arthur Hunolt, UNITED STATES DEPARTMENT OF JUS-
TICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Nguyen appeals the order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration court's order of removal. The Immigration and Naturalization Service (Service) has moved to dismiss Nguyen's appeal for lack of jurisdiction.

Nguyen is a native and citizen of Vietnam who was admitted to the United States as a refugee in 1980 and was granted permanent resident status. Nguyen was convicted in 1984 of unlawful wounding. He was sentenced to five years' imprisonment. In 1987, Nguyen was convicted of robbery and use of a firearm in the commission of a felony. He was sentenced to consecutive terms of eight years' imprisonment for the robbery offense and four years' imprisonment for the firearm offense. On August 7, 1997, the Service issued Nguyen a Notice to Appear for removal proceedings, and after a removal hearing, Nguyen was determined to be subject to removal on the grounds that he had been convicted of (1) a crime involving moral turpitude; (2) two crimes involving moral turpitude not arising from a single transaction; (3) an aggravated felony; and (4) a firearm conviction. See Immigration and Nationality Act (INA) §§ 237(a)(2)(A)(i), (ii), (iii) and (a)(2)(C), 8 U.S.C.A. §§ 1227(a)(2)(A)(i),(ii), (iii) and (a)(2)(C) (West 1999). On appeal, the Board upheld that decision, finding Nguyen is ineligible for asylum or other relief because of his convictions for two aggravated felonies for which he was sentenced to a term of imprisonment of at least five years. See INA §§ 208(b)(2), 241(b)(3)(B), 8 U.S.C.A. §§ 1158(b)(2), 1231(b)(3)(B) (West 1999). The Board's order was entered on November 2, 1998. Nguyen filed his petition for review on March 9, 1999.

Nguyen's notice to appear for removal proceedings was filed on August 7, 1997. Therefore, the permanent provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (1996) apply to this case. Because Nguyen is an alien who committed an offense that renders him deportable under INA §§ 237(a)(2)(A)(ii), (iii) and (a)(2)(C), IIRIRA divests this Court of jurisdiction over his appeal. See INA § 242(a)(2)(C), 8 U.S.C.A. § 1252(a)(2)(C) (West 1999).

2

Furthermore, Nguyen's petition for review is untimely. <u>See</u> INA § 242(b)(1), 8 U.S.C.A. § 1252(b)(1) (West 1999). We therefore grant the Service's motion to dismiss this appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

3